IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AMBER M. POINTER,                                08-CV-6062-BR

          Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


RICHARD F. MCGINTY
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97309
(503) 371-9636

          Attorneys for Plaintiff

KAREN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Amber M. Pointer seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for SSI on April 30, 1991, when she was still a child and alleged a disability onset date of April 1, 1991.  Tr. 22.[1]  The SSA granted Plaintiff's application.  On June 20, 2003, Plaintiff turned 18 and the Commissioner reevaluated her disability "to see if [Plaintiff's] health has improved."  Tr. 28.  On December 10, 2003, the Commissioner determined Plaintiff's health had improved and she could work.  Tr. 28.  Plaintiff requested reconsideration of the Commissioner's decision on May 25, 2004.  The Commissioner, however, determined Plaintiff was not disabled.  Tr. 54.  An Administrative Law Judge (ALJ) held a hearing on August 17, 2005.  Tr. 297-328.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, her mother, and a vocational expert (VE) testified.

The ALJ issued an opinion on December 29, 2005, in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 12-21.  Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on December 29, 2005.  On March 21, 2006, Plaintiff sought judicial review of the Commissioner's decision.

On March 20, 2007, the Honorable Ann Aiken issued an Order

---

[1] Citations to the official transcript of record filed by the Commissioner on June 25, 2008, are referred to as "Tr."

reversing and remanding the ALJ's decision for further
administrative proceedings pursuant to stipulation of the
parties.  Tr. 342-43.  The Court directed the ALJ to (1) hold a
supplemental hearing, (2) "[a]djudicate the claim by applying the
five-step sequential evaluation for adults," (3) reevaluate the
medical evidence, and (4) update the medical record.

On November 20, 2007, the ALJ held a hearing on remand.
Tr. 329-41.  At the hearing, Plaintiff was represented by an
attorney and a VE testified.  On December 19, 2007, the ALJ
issued his opinion in which he again found Plaintiff was not
disabled and, therefore, was not entitled to benefits.  Pursuant
to 20 C.F.R. § 404.984(d), the ALJ's decision became the final
decision of the Commissioner on December 19, 2007.  On February
20, 2008, Plaintiff again sought review of the Commissioner's
decision in this Court.

## BACKGROUND

Plaintiff was born on June 20, 1985; was 20 years old at the
time of the first hearing before the ALJ; and was 22 years old at
the second hearing.  Tr. 22, 301.  Plaintiff completed tenth
grade.  Tr. 367.  Plaintiff has past relevant work experience as
a hostess, courtesy clerk, kitchen helper, and general
laborer/stocker.  Tr. 325, 340.

Plaintiff alleges disability due to depression, hearing

problems, and problems with reading and spelling.  Tr. 12.

The ALJ found Plaintiff has the severe impairments of major depressive disorder and mild bilateral hearing loss.  Tr. 334. The ALJ also found the remainder of Plaintiff's alleged conditions are not severe.  Tr. 334.  The ALJ concluded Plaintiff is not disabled on the ground that she retains the residual functional capacity (RFC) to perform her past relevant work as a kitchen helper.  Tr. 340.  Accordingly, the ALJ determined Plaintiff is not entitled to benefits.  Tr. 341.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 334-35, 339-40.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841

(9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment

of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the

national economy that the claimant can do.  *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy

this burden through the testimony of a VE or by reference to the

Medical-Vocational Guidelines set forth in the regulations at

20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner

meets this burden, the claimant is not disabled.  20 C.F.R.

§ 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in

substantial gainful activity since December 1, 2003, the date on

which the Commissioner determined Plaintiff was no longer

disabled.  Tr. 334.

At Step Two, the ALJ found Plaintiff has the severe

impairments of major depressive disorder and mild bilateral

hearing loss.  Tr. 334.  The ALJ concluded the remainder of

Plaintiff's alleged conditions are not severe.  Tr. 334.

At Step Three, the ALJ concluded Plaintiff's impairments do

not meet or equal the criteria for any Listed Impairment from 20

C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed

Plaintiff's RFC and found after December 1, 2003, Plaintiff did

not have any exertional limitations and had the following

nonexertional limitations:  the ability "to understand, remember,

and carry out [only] simple tasks"; to "maintain concentration

9 - OPINION AND ORDER

and attention on simple tasks for up to 2 hours at a time"; and
"to interact with co-workers and supervisors but should avoid
contact with members of the general public."  Tr. 337.

At Step Four, the ALJ found Plaintiff is able to perform her
past relevant work as a kitchen helper.  Tr. 340.  Accordingly,
the ALJ concluded Plaintiff is not disabled and, therefore, is
not entitled to benefits.  Tr. 341.


<u>**DISCUSSION**</u>

Plaintiff contends the ALJ erred when he (1) failed to give
sufficient reasons for rejecting the opinion of John Cochran,
Ph.D.; (2) did not include Plaintiff's functional limitations
relating to Plaintiff's hearing impairment in his assessment of
Plaintiff's RFC; (3) failed to resolve the conflicting testimony
of the VE at the first hearing that Plaintiff could not perform
her past relevant work and the testimony of the VE at the second
hearing that Plaintiff could perform her past relevant work; and
(4) concluded Plaintiff could perform her past relevant work as a
kitchen helper.

## I.    The ALJ erred when he gave "little weight" to the opinion of Dr. Cochran.

An ALJ may reject an examining or treating physician's
opinion when it is inconsistent with the opinions of other
treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are

10 - OPINION AND ORDER

based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

When "the ALJ fail[s] to provide legally sufficient reasons for rejecting . . . [a] physician['s] opinion[]," the Court credits the opinion as true.  *Benecke v. Barnhart*  379 F.3d 587, 594 (9th Cir. 2004).  *See also Lester*, 81 F.3d at 834 (improperly rejected physician's opinion, which the court then credited as a matter of law).

An ALJ may reject a physician's opinion if it is based entirely on the claimant's subjective complaints and not supported by clinical evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  "[Q]uestioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports [her] ultimate opinion with [her] own observations" is not, however, a legally sufficient reason for rejecting a physician's opinion.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

On May 15, 2005, Dr. Cochran conducted a psychological evaluation of Plaintiff.  As part of the examination, Plaintiff underwent the following tests:  Minnesota Multiphasic Personality

11 - OPINION AND ORDER

Inventory-2, Neurobehavioral Cognitive Screening Examination,
Luria-Nebraska Neuropsychological Battery for Adults, Wechsler
Memory Scale-R, and Millon Clinical Multiaxial Inventory-II.
Tr. 281.  Dr. Cochran diagnosed Plaintiff with dysthymic disorder
(early onset), somatization disorder, generalized anxiety
disorder, cognitive disorder, social phobia, and personality
disorder (not otherwise specified).  Tr. 281-94.  Dr. Cochran
opined Plaintiff had moderate restrictions in her ability to
understand and to remember detailed instructions; to carry out
detailed instructions; and to interact appropriately with the
public, supervisors, and co-workers.  Tr. 296.  Dr. Cochran
opined Plaintiff had marked restrictions in her ability to
respond appropriately to changes in a routine work setting.
Tr. 296.  The form filled out by Dr. Cochran defines moderate
restrictions as "moderate limitations . . . but the individual is
still able to function satisfactorily" and marked restrictions as
a "serious limitation . . . the ability to function is limited
but not precluded."  Tr. 296.  The ALJ did not find Dr. Cochran's
opinion was contradicted by the opinion of another treating or
examining physician.  Nevertheless, the ALJ gave "little weight"
to Dr. Cochran's opinion on the grounds that "Dr. Cochran's
assessment relies on [Plaintiff's] subjective complaints, not
medical evidence [and] . . . [is] inconsistent with [Plaintiff's]
activities of daily living, recent work activity and conservative

treatment history."  Tr. 340.

As noted, however, Dr. Cochran conducted a number of psychodiagnostic tests of Plaintiff.  Although Dr. Cochran relied on Plaintiff's subjective complaints in part, his diagnoses and opinions also arose from the results of these clinical tests.  In addition, Dr. Cochran noted in his report that he reviewed the material in Plaintiff's file, which indicates he considered Plaintiff's activities of daily living and work history when he formulated his diagnosis and opinion.

On this record, the Court concludes the ALJ erred when he gave little weight to the opinion of Dr. Cochran because the ALJ did not provide clear and convincing reasons based on substantial evidence in the record for doing so.

**II.  The ALJ did not err when he failed to include limitations based on Plaintiff's hearing impairment in his assessment of Plaintiff's RFC.**

Plaintiff asserts the ALJ erred when he failed to include any functional limitations as to Plaintiff's hearing impairment in his assessment of Plaintiff's RFC.  Plaintiff points out that on May 11, 2004, Judy Stamper, A.N.P., diagnosed Plaintiff with "hearing loss/hearing disability."  Tr. 221.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified

as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  The ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-*6.  The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

The ALJ gave little weight to the opinion of A.N.P. Stamper because she is a "not acceptable" medical source; her opinion was contradicted by the opinions of John S. Donovan, M.D., Plaintiff's treating physician, and Norman D. Frink, M.S., C.C.C.-A, examining physician; and her report was vague and lacked support for the finding of disability.  Tr. 340.  Dr. Donovan noted Plaintiff had "normal hearing," and she was able to hear him talking in "quiet conversational tones."  Tr. 163.  Dr. Frink found Plaintiff had "mild sensori-neural hearing loss in both ears" and opined Plaintiff was a "marginal candidate for amplification."  Tr. 203.  Dr. Frink recommended binaural amplification "due to the significant perceived hearing difficulties and the beneficial amplification indicated by the hearing aid evaluation."  Tr. 203.  A.N.P. Stamper's report is one page and does not contain any information as to the testing performed or the results of the testing.

On this record, the Court concludes the ALJ did not err when he failed to include any functional limitations as to Plaintiff's hearing impairment in his assessment of Plaintiff's RFC because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

**III. Plaintiff's remaining issues.**

Plaintiff's remaining issues relate to the ALJ's determination that Plaintiff was able to perform her past relevant work as a kitchen helper.  The ALJ based his conclusions on the VE's testimony in response to the hypothetical posed by the ALJ.  The Court already has concluded the ALJ improperly rejected the testimony of Dr. Cochran, and, therefore, the Court also finds the ALJ improperly failed to include in the hypothetical to the VE Plaintiff's limitations as identified by Dr. Cochran.  The Court also notes the ALJ did not reconcile the VE testimony at the first hearing that Plaintiff cannot perform her past relevant work and the VE testimony at the hearing on remand that Plaintiff can perform her past relevant work as a kitchen helper.

Accordingly, the Court concludes the ALJ erred when he determined Plaintiff could perform her past relevant work as a kitchen helper based on an incomplete hypothetical to the VE.

**IV.  Remand for further proceedings.**

The decision whether to remand this case for further

proceedings or for the payment of benefits is within the
discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178
(9th Cir. 2001).

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings. *Id.* at 1179. The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman*, 211 F.3d at 1178. The
court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id*. The second and third prongs of the test often merge into a
single question: Whether the ALJ would have to award benefits if
the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court finds a remand for further proceedings is
required because the ALJ erred when he gave "little weight" to
Dr. Cochran's opinion. Thus, further proceedings are necessary
to determine whether Plaintiff is disabled within the meaning of

16 - OPINION AND ORDER

the Social Security Act and can perform past relevant work or
other work existing in significant numbers in the economy.   On
remand the Court also directs the ALJ to resolve the
contradictions in the vocational evidence.   Specifically, the ALJ
is directed to resolve the conflict between the testimony of the
VE at the 2005 hearing that Plaintiff cannot perform her past
relevant work and the testimony of the VE at the 2007 hearing
that Plaintiff can perform her past relevant work.


                              __CONCLUSION__

        For these reasons, the Court **REVERSES** the decision of the
Commissioner and **REMANDS** this matter pursuant to sentence four of
42 U.S.C. § 405(g) for further administrative proceedings
consistent with this Opinion and Order.

        With respect to future proceedings in this matter after
remand, § 406(b) of the Social Security Act "controls fees for
representation [of Social Security claimants] in court."
*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R.
§ 404.1728(a)).   Under 42 U.S.C. § 406(b), "a court may allow 'a
reasonable [attorneys'] fee . . . not in excess of 25 percent of
the . . . past-due benefits' awarded to the claimant."   *Id*. at
795 (quoting 42 U.S.C. § 406(b)(1)(A)).   Because § 406(b) does
not provide a time limit for filing applications for attorneys'
fees and Federal Rule 54(d)(2)(B) is not practical in the context

17 - OPINION AND ORDER

of Social Security sentence-four remands, Federal Rule of Civil

Procedure 60(b)(6) governs. *Massett v. Astrue*, 04-CV-1006

(Brown, J.)(issued June 30, 2008). *See also McGraw v. Barnhart*,

450 F.3d 493, 505 (10th Cir. 2006). To ensure that any future

application for attorneys' fees under § 406(b) is filed "within a

reasonable time" as required under Rule 60(b)(6), the Court

orders as follows: If the Commissioner finds Plaintiff is

disabled on remand and awards Plaintiff past-due benefits and if,

as a result, Plaintiff intends to submit such application for

attorneys' fees under § 406(b), Plaintiff shall submit any such

application within 60 days from receipt of the Notice of Award by

the Commissioner.

IT IS SO ORDERED.

DATED this 6th day of April, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


18 - OPINION AND ORDER